# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CASSANDRA MADISON<br>3748 Sanctuary Loop<br>Hilliard, OH 43026<br><br>           Plaintiff,<br><br>      v.<br><br><br>BREAD FINANCIAL PAYMENTS, INC.<br>c/o Agent, CT Corporation System<br>4400 Easton Commons Way, Ste. 125<br>Columbus, OH 43219<br><br>           Defendant. | :<br>:<br>:<br>:<br>:  CASE NO. 2:22-cv-2871<br>:<br>:  JUDGE<br>:<br>:  MAGISTRATE JUDGE<br>:<br>:  **Jury Demand Endorsed Herein**<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

NOW COMES Plaintiff Cassandra Madison ("Plaintiff") and proffers this Complaint for damages against Defendant Bread Financial ("Defendant").

## JURISDICTION AND VENUE

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

2.  Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

3. Plaintiff was an "employee" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

4. Defendants are "employers" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

## THE PARTIES

5. Plaintiff is a natural person residing in Franklin County, Ohio.

6. Defendant Bread Financial (formerly known as Alliance Data) is a foreign corporation with its principal place of business in the Southern District of Ohio.

7. Defendants conduct business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

## FACTUAL BACKGROUND

8. Plaintiff began working for Defendant on or about April 18, 2005.

9. Plaintiff was employed as an IT Governance Analyst in or around January 2017 until in or around October 2021.

10. As an IT Governance Analyst, Plaintiff was paid at an annual salary of $72,000.

11. During her 58-month tenure as an IT Governance Analyst, Ms. Madison was required to be on-call 24 hours a day, 7 days a week when she was scheduled to be on-call.

12. Plaintiff worked 9 weeks on-call in 2019.

13. Plaintiff worked 18 weeks on-call in 2020.

14. Plaintiff worked 15 weeks on-call in 2021.

15. The bulk of Plaintiff's job duties involved communicating the technical aspects of Defendant's client relationships, providing updates from Defendant's other departments when a new technology was implemented with a client or when an issue occurred with a client.

16. Plaintiff's primary day-to-day duty in her role as an IT Governance Analyst was to be on-call when outage repairs took place and communicating updates and problems between Defendant and Defendant's clients.

17. Plaintiff's job duties did not include finding solutions for client problems or remedying outages, Plaintiff only acted as a messenger communicating between clients and other departments that were working to solve client problems and remedy outages.

18. Plaintiff was not authorized by Defendant to use her own discretion and independent judgment in her role as an IT Governance Analyst. She did not make decisions related to matters of significance.

19. Plaintiff's function as a messenger in her role as an IT Governance Analyst was not on matters of significance and her role was not of substantial importance to the management or general business operations of Defendant's organization.

20. Plaintiff did not work in an executive, administrative, or professional capacity in her role as an IT Governance Analyst.

21. Plaintiff's position as an IT Governance Analyst does not fall within any exemption under the FLSA.

22. Plaintiff's role as an IT Governance Analyst was misclassified by Defendant as an exempt position.

23. Plaintiff regularly worked overtime, in excess of 40 hours per workweek.

24. Plaintiff worked an average of 60 hours per workweek regularly throughout her employment, not counting time spent on call.

25. On average, Plaintiff received between three and five calls per workweek, which in some instances could go on for 72 hours straight for a single call.

26. Plaintiff was responsible for being on-call during all holidays and weekends in addition to being on-call during the workweek.

27. Plaintiff was required to respond to incoming calls within 5 to 10 minutes.

28. Plaintiff was required to have all of the necessary equipment available, fully charged, and within Wi-Fi network range at all times in order to meet response time expectations.

29. Plaintiff was expected to respond to calls while driving by pulling over to the side of the road.

30. Because of these restrictions, Plaintiff was unable to use on-call time for her own benefit.

31. Plaintiff's activities while on call were severely limited, because the large number of resources needed and the mandate to respond within 5-10 minutes made it almost impossible for her to engage in normal tasks such as going out to dinner, going to the grocery store, going to the gym for a workout, etc.

32. Plaintiff was severely limited in travel and activity because she could never be anywhere that she did not have immediate access to Wi-Fi while on call.

33. Plaintiff spent a significant amount of her employment with Defendant on-call and was not compensated for doing so.

34. Because Plaintiff's activities were so restricted while on-call, Defendant exerted a high degree of control over Plaintiff during those periods.

## COUNT I
## FLSA – Unpaid Overtime

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

37. At all times relevant herein, Plaintiff was employed as an IT Governance Analyst, a non-exempt position.

38. Plaintiff was misclassified as exempt when she should have been classified as non-exempt and entitled to overtime pay.

39. Plaintiff's role is properly classified as non-exempt because Plaintiff did not work in an executive, administrative, or professional capacity in her role as an IT Governance Analyst.

40. Plaintiff routinely worked more than forty hours per week, as she routinely worked overtime and was frequently on-call, performing work for Defendant and/or so restricted while on call that she could not use her time for her own benefit.

41. Plaintiff should have been paid the overtime premium for hours worked in excess of forty hours per week.

42. Defendant knew or should have known of the overtime payment requirement of the FLSA.

43. During the duration of Plaintiff's employment as an IT Governance Analyst, Defendant knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### O.R.C. 4111.03 – Unpaid Overtime

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought under Ohio Law.

47. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was a violation of Section 4111.03 of the Ohio Revised Code.

48. For the Defendant's violations of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio Law.

## COUNT III
### O.R.C. 4113.15– Unpaid Wages

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's overtime wages.

51. Defendant did not pay Plaintiff for the hours she spent working over 40 hours in a workweek, nor did it pay her while she was on-call.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition,

Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's conduct.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann (0089226)
Peter G. Friedmann (0089293)
(Rachel@TheFriedmannFirm.com)
(Pete@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, Ohio 43026
(614) 610-9757: Phone
(614) 737-9812: Fax

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann (0089226)